Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2746 | **DATE** | 5/9/2000 |
| **CASE TITLE** | Sean Paul Kennedy et al. Vs. DuPage County | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because we conclude that plaintiffs, have failed to state a claim on which relief may be granted, the complaint is dismissed, without prejudice, pursuant to Section 1915(e)(2)(B)(ii).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 9 2000 | 4 |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 00 MAY -9 AM 9:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SEAN PAUL KENNEDY and CATHERINE )
F. KENNEDY,                      )
                                 )
        Plaintiffs,              )
                                 )
    vs.                          )   No. 00 C 2746
                                 )
DU PAGE COUNTY,                  )
                                 )
        Defendant.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff Catherine Kennedy and her son Sean Kennedy filed this action against DuPage County alleging malicious prosecution, excessive bail, inadequate response by the DuPage police, and other violations of the Fourth Amendment in conjunction with Sean's arrest for car theft. Plaintiffs seek to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915.

Although it appears from the financial information provided that plaintiffs are eligible for the fee waiver, §1915 also mandates the dismissal of a suit brought *in forma pauperis* if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(ii). A complaint fails to state a claim if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Younger doctrine prohibits a federal court from interfering with pending state criminal proceedings. *See* Younger v. Harris, 401 U.S. 37 (1971). We are not authorized,

therefore, to assess the constitutionality of Sean's arrest, detention or prosecution until all criminal and appellate proceedings have concluded, and then only under certain conditions.

Because we conclude that plaintiffs have failed to state a claim on which relief may be granted, the complaint is dismissed, without prejudice, pursuant to §1915(e)(2)(B)(ii).

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

May 9, 2000.